**Thelma Patricia SMITH**

v.

**BOARD OF EDUCATION OF CARROLL COUNTY.**

**No. Civ. JFM–02–371.**

United States District Court,
D. Maryland.

May 17, 2002.

**540**

Thelma Patricia Smith, Eldersburg, MD, Pro se.

Rochelle S. Eisenberg, Lynn Edwards Brenneman, Hodes Ulman Pessin and Katz PA, Towson, MD, for Defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff has instituted this *pro se* action under the Fair Labor Standards Act ("FLSA") and the Family and Medical Leave Act of 1993 ("FMLA").[1] Defendant has filed a motion to dismiss or for summary judgment. Plaintiff has responded to the motion.

■ Defendant's motion will be granted. Any action under the FLSA and FMLA must be commenced within two years if the cause of action accrues, unless the violation is willful in which event the action must be commenced within three years after it accrues. This action was instituted more than three years after January 14, 1998, when the record establishes that plaintiff's employment was terminated. That was the very last date on which any action she might have had under either the FLSA or the FMLA could have accrued.

■ Further, even if plaintiff's claims were not time-barred, it is clear that they are not cognizable. The claims plaintiff is asserting under the FLSA are actually claims based upon alleged unlawful discrimination and breach of contract. Such claims are not cognizable under the FLSA.

■ In attempting to state a claim under the FMLA, plaintiff specifies two incidents; (1) the denial of a request for use of the sick leave bank, and (2) a medical statement dated December 5, 1997 from a medical professional to plaintiff's attorney indicating that she suffers from "major

clinical depression." Plaintiff does not allege the reason for her sick leave request was denied or that she was suffering from a serious health condition that would have her entitled to relief. As for the medical statement dated December 5, 1997, the record indicates that plaintiff first submitted this statement as evidence in a hearing after the termination of plaintiff's employment had been recommended by the Superintendent of the Carroll County Public Schools. Accordingly, the medical statement could not have played a role in the Superintendent's decision and cannot now serve as a basis for a claim for a violation of the FMLA.

A separate order dismissing this action is being entered herewith.

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 17th day of May 2002

ORDERED

1. Defendant's motion to dismiss or for summary judgment is treated as one for summary judgment and, as such, is granted; and

2. Judgment is entered in favor of defendant against plaintiff.

---

**1.** This is not the first proceeding that plaintiff has instituted in connection with the termination of her employment. She has filed two prior actions in this court as well as unfair labor practice charges. She has not prevailed in any proceeding.